Where a person got a pistol from his sister, she delivering it to him with the request that he dispose of it, giving as a reason that she did not want it about the place, he was not guilty of theft; the sister not telling him that it belonged to her husband.

Appeal from Dickens County Court; Walter L. Powell, Judge.

Guy Adams was convicted of theft, and he appeals.   Reversed and remanded.

Bert King, of Wichita Falls, and Stinson, Chambers & Brooks, of Abilene, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.  Appellant was convicted of theft of a pistol, his punishment being assessed at 30 days' imprisonment in the county jail.

The facts do not sustain the conviction. The alleged owner, J. H. Latham, testified, in substance, that he was the owner of the pistol and did not give his consent to its be-ing taken; that the pistol was in his house in a cedar chest; that he concluded he wanted the pistol for some purpose and asked his wife its whereabouts.  She informed him it was in the cedar chest, and failing to find it he again asked her in regard to it, and she informed him that she had turned it over to defendant with instructions for him to dispose of it.  Defendant was her brother. She did not inform appellant that the pistol belonged to her husband.  Mrs. Latham, the alleged owner's wife, testified that this pistol had been around the house for some time, and she wanted to get rid of it and did not want it about the premises, and one day when her brother (defendant) was at the residence she got it out of the chest and gave it to him and told him to dispose of it, and that she had not seen the pistol since until the trial; that the pistol belonged to her husband, but she did not tell her brother to whom it belonged.  She said she wanted to get rid of the pistol because a party had been killed with it and she did not want it around the place. The defendant introduced no testimony.

There is no evidence of a fraudulent taking of this property.  The defendant got the pistol from his sister, Mrs. Latham, at her residence.  She delivered it to him with the request that he dispose of it, and gave as a reason that she did not want it about the place, and he took the pistol and disposed of it.  The elements of theft are wanting.

The judgment is reversed, and the cause remanded.

---

## Ex parte RANGER.  (No. 5534.)

(Court of Criminal Appeals of Texas. Oct. 15, 1919.)

HABEAS CORPUS 87—LOSS OF CUSTODY BEFORE ISSUANCE OF WRIT REQUIRES DISMISSAL.

Where, in habeas corpus proceeding to obtain release from sheriff, it appears by the return that relator before issuance of the writ had been delivered to another person for the purpose of taking him to another state in obedience to a requisition, application will be dismissed.

Proceedings in habeas corpus by B. F. Ranger against L. L. Blalock, Sheriff of Milam County, and another.   Application dismissed.

E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J.  The relator, charging that he was restrained of his liberty by L. L. Blalock, sheriff of Milam county, and one T. Fred Whitesides, by virtue of a certain writ of extradition issued by the Governor of the State of Texas, makes application for discharge upon original writ of habeas corpus. The return on the writ of habeas corpus

shows that, prior to the issuance of the writ, the relator had been delivered to one Earnest Roller for the purpose of taking him to the state of Missouri in obedience to the requisition, and that he was on his way to Missouri.

We find nothing controverting the truth of the statements made in the return, and in accord with them the application is dismissed.

---

⬦➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes